STATE, RESPONDENT, v. READ PULLIS, PROSECUTOR.

Argued February 20, 1917—Decided June 6, 1917.

It is no valid objection to an indictment, that the foreman of the grand jury which found it was at the time a candidate for the office of freeholder, and, in his canvass, had suggested that the members of the existing board, of whom the defendant was one, were not to be trusted with the management of the county government, when neither malice nor ill-will is averred.

On motion to quash indictment.

Before Justices SWAYZE, MINTURN and KALISCH.

For the motion, *Egbert Rosecrans* and *Harlan Besson.*

Opposed, *William A. Stryker.*

The opinion of the court was delivered by

SWAYZE, J. The most important objection to the indictment is that the foreman of the grand jury which found it was at the time a candidate for the office of freeholder, and in his canvass had suggested that the members of the existing board, of whom the defendant was one, were not to be trusted with the management of the county government. If we draw this inference from the fact that he stated that he stood for efficiency and economy in county government, and that the remedy was in the hands of the voters, we think it fails to justify us in quashing the indictment. The case differs from *State v. McCarthy,* 76 *N. J. L.* 295, where the proof showed partiality on the part of the sheriff in selecting the grand jury, as was possible under the law as it then stood. The present charge is in the nature of a challenge to the favor of a single grand juror, and goes no further. No malice or ill-will is averred, and the present defendant was not even the rival of the foreman of the grand jury for the office he sought.

The case is within the rule of *State* v. *Turner,* 72 *Id.* 404; *State* v. *Rickey,* 10 *Id.* 83.

The objection to the form of the indictment is unsubstantial. It follows that approved by this court in *State* v. *Codington,* 80 *N. J. L.* 496; *affirmed,* 82 *Id.* 728. We do not understand the suggestion of the brief that the question was not squarely discussed in the opinion in that case. We think it enough to aver that the defendant was an officer of the county, having been duly elected chosen freeholder by the qualified electors of the township of Blairstown, and having taken upon himself the said office without specifically averring that he took the oath of office.

The motion is denied. Let the record be remitted for trial to the Quarter Sessions.